460 So.2d 427 (1984)
Charles Revere BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-262.
District Court of Appeal of Florida, Fifth District.
November 15, 1984.
Rehearing Denied December 19, 1984.
James B. Gibson, Public Defender, and James R. Wulchak, Chief, Appellate Division, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant Charles Brown appeals his sentence for arson contending it violates Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1981). Brown was sentenced to eight years imprisonment followed by seven years probation. The trial court overruled appellant's objection to the split sentence stating that Villery had been statutorily abolished by the legislature when it enacted chapter 83-131, the Correctional Reform Act of 1983. The Act created section 921.187, Florida Statutes, which reads in part as follows:
Disposition and sentencing; alternatives.  The following alternatives for the disposition of criminal cases shall be used in a manner which will best serve the needs of society, which will punish criminal offenders, and which will provide the opportunity for rehabilitation. The court may:
* * * * * *
(7) Impose a split sentence whereby the offender is to be placed on probation upon completion of any specified period of such sentence, which may include a term of years or less. (emphasis added)
In addition, section 948.01(4) was amended by chapter 83-131 and renumbered as subsection (8). This subsection now reads as follows:
Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, direct the defendant to be placed on probation or, with respect to any such felony, into community control upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant and direct that the defendant be placed upon probation or into community control after serving such period as may be imposed by the court. The period of probation shall commence immediately upon the release of the defendant from incarceration, whether by parole or gain-time allowances. (emphasis added)
While we have found no cases so holding, it appears that chapter 83-131 does abrogate the holding in Villery. We conclude, *428 however, that the change cannot be applied retroactively.
The crime for which appellant was sentenced was committed prior to October 1, 1983, the effective date of the Act. In Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 965, 67 L.Ed.2d 17 (1981), the United States Supreme Court held that "even if a statute merely alters penal provisions accorded by the grace of the legislature, it violates the [ex post facto] clause if it is both retrospective and more onerous than the law in effect on the date of the offense." While it is often difficult to determine whether a sentencing alternative is more onerous than a previous one,[1] here appellant would be subject to a longer term of imprisonment under the new split sentence alternatives in chapter 83-131. Since the new sentencing alternatives are more onerous to appellant, they should not have been applied and appellant should have been sentenced in accordance with Villery.
REVERSED and REMANDED.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] See, e.g., Weaver v. Graham; Lindsey v. Washington, 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182 (1937); Beech v. State, 436 So.2d 82 (Fla. 1983).