PER CURIAM.
Appellant pleaded guilty to the offense of shooting into an occupied vehicle and was sentenced to thirty months incarceration followed by two years probation, a departure from the sentencing guidelines recommendation. Appellant asserts three points on appeal. The first, that the trial judge erred in departing from the guidelines, is without merit. Webster v. State, 461 So.2d 965 (Fla. 2d DCA 1984); Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984); Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984). Appellant’s second point, that the trial judge erred in imposing a split sentence, is also without merit. § 921.187, Fla.Stat. (1983); Brown v. State, 460 So.2d 427 (Fla. 5th DCA 1984).
Appellant’s third point is that his guilty plea was involuntary due to his mental incompetence. The record on appeal contains no motion to withdraw his guilty plea and appellant does not represent that he ever so moved the trial court. A motion to withdraw a guilty plea is a prerequisite to a direct appeal challenging the plea’s volun-tariness. Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979). Therefore, this point on appeal is dismissed without prejudice to appellant’s subsequent filing a motion under Florida Rule of Criminal Procedure 3.850.
The judgment and sentence appealed from ⅛ affirmed,
RYDER, C.J., and FRANK and HALL, JJ., concur.