474 So.2d 352 (1985)
Ricky Eugene SHIVELY, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1524.
District Court of Appeal of Florida, Fifth District.
August 8, 1985.
*353 James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and John R. Stump, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a conviction and sentence for aggravated battery. The question on appeal involves whether it was appropriate for the trial court to give, over defense counsel's objection, the following instruction on flight:
The flight of a person accused of a crime is a circumstance that may be considered by you with all the other testimony and circumstances, and should be given such weight as you consider proper.
The rule is when a suspected person in any manner endeavors to escape by flight, concealment, or other indication of a desire to evade prosecution, such may be shown in evidence as one of the, [sic] a series of circumstances from which guilt can be inferred.
Case law regarding flight instructions holds that a jury can be instructed on flight when the evidence clearly establishes that an accused fled the vicinity of a crime or did anything indicating an intent to avoid detection or capture. Williams v. State, 378 So.2d 902 (Fla. 5th DCA 1980); Barnes v. State, 348 So.2d 599 (Fla. 4th DCA 1977); Williams v. State, 268 So.2d 566 (Fla. 3d DCA 1972). We note that the most recent edition of Florida Standard Jury Instructions (Criminal) has dropped this instruction from its list of standard instructions. However, Florida courts have continued to hold that, in appropriate circumstances, an instruction on flight is proper. See Bundy v. State, 471 So.2d 9 (Fla. 1985); Bradley v. State, 468 So.2d 378 (Fla. 1st DCA 1985); Haywood v. State, 466 So.2d 424 (Fla. 4th DCA 1985).
The facts of this case show that on March 3, 1984, appellant, an eighteen year old male, went to a wedding reception at a friend's house. Another friend, Eddie, accompanied appellant to the reception. Several hours later appellant and Eddie walked to Eddie's apartment which was a short distance from where the reception was held. On arriving at Eddie's apartment complex, both men encountered a group of nine people in the parking lot most of whom had been drinking. As Eddie walked towards his apartment his downstairs neighbor, Ruth, called him a "heiffer." Appellant responded by calling Ruth's boyfriend a "punk" and "faggot." Eddie and appellant went upstairs and appellant asked Eddie for a knife. Appellant then went downstairs and a verbal exchange between appellant and Bobby Knapp occurred. Knapp pushed appellant down, appellant pulled the knife, a struggle followed and Knapp was stabbed five times. Knapp fell to the ground, appellant ran into Eddie's bedroom and locked himself inside.
Two of Knapp's friends ran after appellant. One of the men, Tom, had a knife and was in the apartment. While standing at the bedroom door, Tom yelled "I'm going to kill him [appellant], I'm going to kill him." Shortly thereafter, appellant jumped from the living room balcony and ran back to the wedding reception. Tom started running after appellant with the knife. Upon arriving at the reception, appellant was hysterical and admitted stabbing someone. Police were called and appellant was apprehended at the reception.
In Williams v. State, 378 So.2d 902 (Fla. 5th DCA 1980) this court reversed a conviction for aggravated assault on the ground that the trial court erred in giving an instruction on flight. In that case, appellant was a passenger in a car when the driver picked up a hitchhiker who bought them all beer. Four hours later, an altercation between appellant and the hitchhiker occurred. Two sheriff's deputies in separate cars noticed the hitchhiker yelling for help and they began chasing the car with their blue lights on but no sirens. After following the car for about a quarter of a mile, *354 the deputies saw the hitchhiker jump or fall from the car. The deputies pursued the car an additional quarter of a mile before it stopped. The driver of the car testified that he slowed down after the victim fell and he immediately stopped the car when he noticed the deputies' blue lights. In reversing this court held that evidence of flight was not established by the record and therefore the flight instruction was erroneously given.
Similarly, in Barnes v. State, 348 So.2d 599 (Fla. 4th DCA 1977) the fourth district reversed a conviction for manslaughter and remanded for new trial. One of the errors alleged was that the court improperly gave an instruction on flight over objection. Appellant and deceased were observed each holding sticks and appellant was seen hitting the deceased with his stick. Appellant also kicked the deceased in the head. The deceased died from a brain hemorrhage. After the incident, appellant left the scene and walked home. Appellant was informed that police were looking for him but appellant stayed home claiming he acted in self defense. Appellant was later arrested by police at his home. The appellate court reversed the conviction stating the jury should not have been instructed on flight because there was no evidence presented indicating that appellant fled the scene or hid himself or did anything indicating he intended to avoid detection.
In the case at bar, as in Williams and Barnes, the evidence did not clearly establish that appellant's leaving the scene of the crime indicated an intent on his part to avoid detection or capture. In fact, the evidence showed that appellant left Eddie's apartment because he was fearful for his life. This conclusion is supported by the fact that appellant returned to the reception and immediately informed the people there that he had stabbed someone. Consequently, the trial court committed reversible error in giving the instruction on flight. Williams; Barnes.
We note that the trial judge also committed a sentencing error when he sentenced appellant, under the guidelines, to thirty months imprisonment and then placed him on probation for an additional ten years. The maximum incarceration period for appellant's aggravated battery conviction under the guidelines was thirty months yet the judge relied on an amendment to the guidelines,[1] not effective when the instant offense was committed, in placing appellant on probation. If a statute alters penal provisions by the grace of the legislature, it violates the ex post facto clause if it is both retrospective and more onerous than the law in effect on the date of the offense. Brown v. State, 460 So.2d 427 (Fla. 5th DCA 1984) citing Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 965, 67 L.Ed.2d 17 (1981). In this case the amendment is more onerous because the court is allowed to impose a maximum incarceration period under the guidelines and, at the same time, impose a probationary period up to the maximum term provided by general law. Brown; Miller v. State, 468 So.2d 1018 (Fla. 4th DCA 1985); compare Mills v. State, 462 So.2d 1075 (Fla. 1985) and Powlowski v. State, 467 So.2d 334 (Fla. 5th DCA 1985) (cases holding that a statutory change in the maximum retention period of *355 a sentence for certain crimes does not violate the ex post facto clause). The court's application of the amendment in this case to appellant therefore violates the ex post facto clause. U.S. Const. art. I, § 10; Art. I, § 10, Fla. Const.
REVERSED and REMANDED for new trial.
COBB, C.J., and SHARP, J., concur.
NOTES
[1] Rule 3.701(d)(12), Fla.R.Crim.P., provides:

Sentencing for separate offenses: A sentence must be imposed for each offense. However, the total sentence cannot exceed the total guidelines sentence unless a reason is given.
The committee note to Rule 3.701(d)(12) after the amendment provides:
If a split sentence is imposed ... the incarcerative portion imposed shall not be less than the minimum of the guideline range; nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.
The Florida Bar: Amendment to Rule of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). At the time the instant offense was committed, however, the committee note to Rule 3.701(d)(12) provided:
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range, and the total sanction imposed cannot exceed the maximum guidelines range. (emphasis added).
In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983).