ORFINGER, Judge.
This is an appeal from a guidelines sentence. Griffin contends that the sentence exceeds the guidelines because the combination of incarceration and probation exceeds the total permissible sanction. We agree.
On June 14, 1984, Griffin was charged with battery on a law enforcement officer while armed with a firearm, grand theft, possession of cocaine and possession of cannabis over twenty grams. He plead guilty to the first two charges, and nolo contendere to the last two charges. His guidelines scoresheet totaled 125 points, suggesting a sentence of community control or 12-30 months’ incarceration. The trial court correctly sentenced Griffin to the mandatory minimum sentence of three years’ incarceration required by section 775.087(2), Florida Statutes (1983), because the mandatory penalty exceeds the guideline sentence. Fla.R.Crim.P. 3.701(d)(9). The correctness of this portion of the sentence is not questioned on appeal.
Appellant is correct in his assertion that he was entitled to be sentenced in accordance with the guidelines in effect when the crimes were committed. See Brown v. State, 460 So.2d 427 (Fla. 5th DCA 1984). Committee note (d)(12) to Florida Rule of Criminal Procedure 3.701(d)(12) as it existed prior to its amendment on July 1, 1984, provided:
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range, and the total sanction imposed cannot exceed the maximum guideline range.
Although this court has split on the question of whether sentences such as are imposed here are truly “split sentences,” we are bound by the recent decision of this court that says they are. O’Brien v. State, 10 F.L.W. —, (Fla. 5th DCA Aug. 15,1985). Therefore it was improper in this case to impose a sanction greater than the mandatory minimum sentence, without stating a written reason for departure. Fla.R.Crim.P. 3.701(d)(12), supra.
*1267 The three year sentence of incarceration is affirmed. The three concurrent terms of probation are vacated and shall not be imposed unless the trial court states a clear and convincing reason for departure.
AFFIRMED in part, REVERSED in part, and REMANDED.
DAUKSCH and SHARP, JJ., concur.