482 So.2d 398 (1985)
Charles Barry JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-95.
District Court of Appeal of Florida, Fifth District.
November 21, 1985.
Rehearing Denied February 4, 1986.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
This appeal challenges the legality of a six-year sentence of incarceration imposed upon a youthful offender under section 958.04, Florida Statutes, subsequent to revocation of his community control, which was part of a prior sentence of two years in prison followed by two years of community control. The appellant bases his argument on section 958.05, Florida Statutes (1983), which provides, in pertinent part:
958.05 Judicial disposition of youthful offenders.  If the court classifies a person a youthful offender, in lieu of other criminal penalties authorized by law, the court shall dispose of the criminal case as follows:
(1) The court may place the youthful offender on probation in a community control program, with or without an adjudication of guilt, for a period not to exceed 2 years or extend beyond the 23rd birthday of the defendant.
(2) The court may commit the youthful offender to the custody of the department for a period not to exceed 6 years. The sentence of the court shall specify a period of not more than the first 4 years to be served by imprisonment and a period of not more than 2 years to be served in a community control program. The defendant shall serve the sentence of the court unless sooner released as provided by law....
The appellant urges that, upon revocation, the maximum incarceration that can *399 be imposed upon him is four years (with credit for two served), not six years. He bases this on the second sentence in subsection (2) quoted above. The state, on the other hand, argues that the four-year limitation applies only to the initial sentence imposed prior to revocation of community control.
This issue has now been resolved by the recent opinion in Brooks v. State, 478 So.2d 1052 (Fla. 1985). In that case the Florida Supreme Court considered a question certified in Brooks v. State, 461 So.2d 995 (Fla. 1st DCA 1984), which the First District reiterated from the case of Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984):
May the circuit court, upon revocation of a youthful offender's community control program status, treat the defendant as though it had never placed him in community control and sentence him in accordance with section 948.06(1), Florida Statutes?
In Clem it was the position of the state that the trial court, upon a revocation of community control, has the authority, pursuant to sections 958.14 and 948.06(1), Florida Statutes,[1] to "impose whatever sentence it might originally have imposed without regard to the youthful offender act." (Emphasis added.) See Clem at 1137.[2] Because the weight of authority was contrary to the state's position, the Clem court, citing specifically to Ellis v. State, 436 So.2d 342 (Fla. 1st DCA 1983), review denied, 443 So.2d 980 (Fla. 1984), held that such a sentence was limited to four years.
The Florida Supreme Court has now answered the certified question in the affirmative, thereby agreeing with the state's argument in Clem, which is also the state's argument in the instant appeal  i.e., section 948.06(1) authorizes the trial court to impose any sentence it could have imposed without reference to the youthful offender provisions.[3] In the instant case, the six-year sentence imposed by the trial court is within the statutory maximum for the crime of burglary of a dwelling. The applicability of any guideline maximum has not been raised on this appeal.
AFFIRMED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] The last sentence of section 948.06(1) states:

If such probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control.
[2] It is clear from the context of the Clem case that the phrase in the certified question "in accordance with section 948.06(1), Florida Statutes" was contemplated by that court to mean "without regard to the youthful offender act."
[3] Brooks, of course, supersedes prior district court decisions which either hold or imply that, upon revocation of his community control, a youthful offender's term of incarceration is limited by section 958.05(2) to four years. See, e.g., Lane v. State, 470 So.2d 30 (Fla. 5th DCA 1985); Ellis v. State, 436 So.2d 342 (Fla. 1st DCA 1983), review denied, 443 So.2d 980 (Fla. 1984); Brandle v. State, 406 So.2d 1221 (Fla. 4th DCA 1981).