486 So.2d 1372 (1986)
Timothy Leon HILL, Appellant,
v.
STATE of Florida, Appellee.
No. BE-78.
District Court of Appeal of Florida, First District.
April 10, 1986.
Michael E. Allen, Public Defender, and Paula S. Saunders, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Kurt L. Barch, Asst. Atty. Gen., for appellee.

ON MOTION FOR REHEARING
NIMMONS, Judge.
We grant appellee's Motion for Rehearing, vacate our opinion filed February 6, 1986, and affirm the trial court's sentence of five years incarceration which the court imposed after revoking the appellant's community control in October, 1984, the appellant having earlier received a split sentence in June, 1980, as a youthful offender under Chapter 958, Florida Statutes.
The Florida Supreme Court in Brooks v. State, 478 So.2d 1052 (Fla. 1985), has settled the question of whether the sentencing court, upon revocation of community control under Chapter 958, is limited to a term of incarceration of four years as held by earlier appellate court decisions. See Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984); Ellis v. State, 436 So.2d 342 (Fla. 1st DCA 1983).
The Brooks decision has, we believe, been properly interpreted as authorizing, *1373 upon revocation, resentencing by imposition of any sentence which the trial court could have originally imposed without regard to the youthful offender act. See Johnson v. State, 482 So.2d 398 (Fla. 5th DCA 1985).[1]
AFFIRMED.
BOOTH, C.J., and ZEHMER, J., concur.
NOTES
[1] Inasmuch as the appellant was resentenced in 1984, we do not address the amended version of Section 958.14, as amended by Chapter 85-288, Section 24, Laws of Florida, particularly since this appellant was resentenced to not longer than six years. Section 958.14, as amended in 1985, is reproduced as follows, the underlined portions constituting the language added by Chapter 85-288, supra:

958.14 Violation of probation or community control program.  A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06(1); provided that no youthful offender shall be committed to the custody of the department for such violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he was found guilty, whichever is less, with credit for time served while incarcerated.