487 So.2d 416 (1986)
James Leroy CROSBY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-804.
District Court of Appeal of Florida, Second District.
April 30, 1986.
*417 James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
This is appellant's second appeal from the sentences imposed upon revocation of his community control status. Appellant, previously adjudged a youthful offender, contends the trial judge erred in resentencing him in excess of the maximum allowable sentence prescribed by section 958.05, Florida Statutes (1983). We find that the sentences were not excessive but nevertheless reverse and remand for the entry of corrections to (1) conform the written sentences to the oral pronouncement of the trial court, and (2) enter the appropriate credit for time served.
After our court's decision in Crosby v. State, 462 So.2d 607 (Fla. 2d DCA 1985) (Crosby I), appellant was resentenced to concurrent terms of imprisonment for his two offenses. The first page of each of the sentences contains a checkmark next to the box imposing a term of "4 YRS STATE PRISON." However, at the end of each sentence the trial court indicates: "4 YRS STATE PRISON ON VIOLATION OF COMMUNITY CONTROL, (IN ADDITION TO ORIGINAL 4 YR SENTENCE ON 10-1-80, TOTAL 8 YEARS). CREDIT FOR TIME SERVED SINCE ARREST DATE OF 10-25-83 ON VOP." The amount of that credit time was computed as 489 days.
On the face of the sentences there appears to be confusion whether they are for prison terms of four or eight years. An examination of the transcript of the hearing, however, leaves no doubt about the court's intention. After a discussion of the new sentences, Assistant Public Defender John Offutt asked the court to explain for appellant's benefit just what additional prison term was being ordered.
THE COURT: Four additional years.

*418 MR. OFFUTT: Four additional years for a total of eight years?
THE COURT: Well, yes.
The court went on to explain that, upon revocation of community control, section 948.06, Florida Statutes, authorized the entry of any sentence which might have originally been imposed.
We think it is clear that the court intended to impose concurrent prison sentences of eight years. Having construed the court's intentions as to the length of the sentences, we must now explain why we find them to be lawful. Upon revocation and review of a youthful offender's community control program status, a trial court may treat the offender as though it had never placed him in community control and sentence him in accordance with section 948.06(1), Florida Statutes (1983). Brooks v. State, 478 So.2d 1052 (Fla. 1985). Section 948.06(1) authorizes the trial court to impose any sanction it could have imposed without reference to the youthful offender provisions found in chapter 958. Johnson v. State, 482 So.2d 398 (Fla. 5th DCA 1985); Hill v. State, 486 So.2d 1372 (Fla. 1st DCA 1986). Of course, if the trial court again reclassifies the offender as one deserving youthful offender treatment, it must then sentence the offender in accordance with the provisions of the Youthful Offender Act. See State v. Goodson, 403 So.2d 1337 (Fla. 1981).
We find nothing in the record before us indicating that, upon revocation of his community control, appellant was reclassified or treated by the trial court as a youthful offender. Further, nothing in section 958.14, Florida Statutes (1985)  which was not in existence at the time appellant was resentenced  required the trial court to reclassify appellant as a youthful offender and cap his sentence at six years. Consequently, the trial court was free to sentence appellant in any manner authorized by section 948.06(1). The record demonstrates that appellant affirmatively selected guidelines sentencing through his active participation during the original sentencing proceedings. Our remand in Crosby I did not affect that selection. Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985). According to appellant's modified scoresheet, his score corresponded to an enhanced presumptive sentence range of seven to nine years incarceration. Therefore, appellant's concurrent eight-year prison terms are within the guidelines which were in effect at the time of his sentencing. See Fla.R. Crim. P. 3.701(d)(14) and 3.988(e); State v. Jackson, 478 So.2d 1054 (Fla. 1985). Nevertheless, because there are inconsistencies within the written sentences and also between part of the written sentences and the court's oral pronouncement, we must reverse for entry of corrected sentences. Hinkle v. State, 480 So.2d 206 (Fla. 2d DCA 1985); Yates v. State, 429 So.2d 815 (Fla. 2d DCA 1983).
Finally, we must also reverse the sentences because appellant has not been properly credited with the prison time he served under his original sentence. It is clear from the face of the sentences and the transcript of the hearing that appellant was credited only for the time he spent in jail from the date of his arrest for his violation of probation on October 25, 1983. At the hearing, the court specifically denied credit for the time appellant served in prison under his original Youthful Offender Act sentences of October 1, 1980. Upon a violation of probation or community control, the offender is entitled to credit for all time served for any incarceration, including that served in prison or jail which preceded his release on probation or community control and that time served incarcerated while awaiting judgment and sentence on the violation proceedings. See sec. 921.161, Fla. Stat. (1983); State v. Jones, 327 So.2d 18 (Fla. 1976); Kirkman v. Wainwright, 465 So.2d 1262 (Fla. 5th DCA 1985); Roesch v. State, 446 So.2d 269 (Fla. 2d DCA 1984); Dickerson v. State, 427 So.2d 205 (Fla. 2d DCA 1983); Hernandez v. State, 396 So.2d 809 (Fla. 5th DCA 1981); Sims v. State, 369 So.2d 431 (Fla. 2d DCA 1979).
Accordingly, we reverse the sentences as construed and remand with directions to *419 correct appellant's sentences in accordance with what we have said.
SCHOONOVER and FRANK, JJ., concur.