491 So.2d 1169 (1986)
Thomas LYNCH, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2830.
District Court of Appeal of Florida, Fourth District.
June 25, 1986.
Rehearing Denied August 20, 1986.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is an appeal of orders revoking appellant's probation and sentencing him. We affirm the order of revocation, reverse the sentencing order and remand.
We shall discuss the sentencing order first as we conclude that appellant did not affirmatively elect to be sentenced under the guidelines.
At the subject hearing, counsel for appellant stated:
[PUBLIC DEFENDER]: Well, I am trying to say the max because he is sentenced as a youthful offender. The sentencing guidelines apply and the Court, to my information or my belief, is  even under the new section they have in, he can only get a maximum imposed on youthful offender of six years in prison, or the maximum offense, whichever is less. [Emphasis added.]
The defendant's only participation at the sentencing hearing was the following:
THE COURT: What do you want to say?
THE DEFENDANT: So I get nine years, right, with credit for the four what I just done did?
THE COURT: Say that again.
[PUBLIC DEFENDER]: Right.
THE DEFENDANT: I be sentenced to nine years in prison with credit for four years that I already just did?
[PUBLIC DEFENDER]: Yes, has to be. In other words, he spent four years in jail, Judge 
*1170 We have held that a clear choice to be sentenced under the guidelines must be reflected by the record. McClatchie v. State, 482 So.2d 550 (Fla. 4th DCA 1986). While it is not clear what appellant's attorney meant by saying "[t]he sentencing guidelines apply," we agree with appellant that this was a mistaken idea by the apparently newly appointed public defender that the guidelines automatically applied to this case. Additionally, we find the comments from appellant to be merely an inquiry into what his sentence was going to be. Accordingly, it cannot be said that appellant affirmatively elected to be sentenced under the guidelines.
While we have agreed with appellant's first point, we disagree with his remaining points, the next of which is whether the trial court erred in imposing a nine year sentence after revoking appellant's term of probation imposed as part of a youthful offender sentence. We conclude it did not.
The trail leads from Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984), to Brooks v. State, 478 So.2d 1052 (Fla. 1985), in resolving this issue against appellant. This trail is amply discussed in Johnson v. State, 482 So.2d 398 (Fla. 5th DCA 1986). Further, we agree with the analysis in Crosby v. State, 487 So.2d 416 (Fla. 2d DCA 1986).
As for appellant's third argument that the trial court initially erred by placing appellant on probation rather than community control, we reject same on the authority of Clem v. State.
GUNTHER and STONE, JJ., concur.