503 So.2d 1282 (1987)
Lonnie POORE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1306.
District Court of Appeal of Florida, Fifth District.
February 5, 1987.
Rehearing Denied March 17, 1987.
*1283 James B. Gibson, Public Defender and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
The defendant was originally classified as a youthful offender under section 958.04, Florida Statutes (1981), and sentenced on September 9, 1982, to confinement for a period (term) of four and one-half years less credit for 123 days of jail time. The sentence provided that after completion of a specific period of incarceration, to-wit: two and one-half (2 1/2) years, the defendant would be released from incarceration and placed on probation for a period of two (2) years. The judgment and sentence expressly provided that if the defendant violated the conditions of his probation "the Court may revoke your probation and require you to serve the balance of said sentence." (emphasis supplied) After serving the two and one-half year initial period of confinement, the defendant was released from confinement and commenced his probationary period. In 1985 he pled guilty to violating his probation and elected to be sentenced under the sentencing guidelines.[1] On August 14, 1985, the trial court imposed a sentence which the defendant appeals as being an improper departure sentence under the sentencing guidelines. We reverse and vacate the sentence of August 14, 1985, not because it is an improper guideline departure sentence but because it should not have been imposed at all.
Prior to the legislative adoption in 1941 of the concept of probation, after a verdict or plea of guilty in a criminal case, the defendant was either sentenced to confinement in jail or prison (or to pay a fine or both confinement and fine) or the sentencing process was continued or deferred for a period of time or, more commonly, indefinitely ("continued from day to day and term to term") on the condition of "good behavior." The latter practice was sometimes erroneously called a "withheld sentence."[2] If during such period of deferment of sentencing the defendant again broke the law he was merely haled into court and sentenced as to the original offense. Probation was intended to take the place of the old practice of deferring sentencing.[3] *1284 Section 948.01(3), Florida Statutes, specifically provides that when a sentencing court decides to place a defendant on probation rather than to sentence him "it shall stay and withhold the imposition of sentence upon such defendant and shall place him upon probation." (emphasis supplied) When a defendant has been placed on probationary status in lieu of being sentenced and the court determines that he has violated a condition of his probation, section 948.06(1), Florida Statutes, provides that the court shall adjudge the probationer or offender guilty (unless he has previously been adjudged guilty) "and impose any sentence which it might have originally imposed before placing the probationer on probation... ." (emphasis supplied) This explains why being placed on probation is an alternative to being sentenced and why a defendant is not "sentenced" to probation and why probation is a "case disposition" but is not a "sentence." More than semantics is involved. Constitutionally a defendant can be sentenced but once as to "the same offense."[4] In the usual case where probation is first tried as a case disposition, that one sentence is imposed after a violation of probation has occurred. This is not so as to a split sentence.
The sentence imposed on the defendant in this case on September 9, 1982, was a true split sentence.[5] When imposed the authority for a split sentence was section 948.01(4), Florida Statutes (1981), which provided as follows:
(4) Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, direct the defendant to be placed on probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court. (emphasis supplied)
Since the imposition of the original sentence in this case, both section 948.01 and section 958.04 have been amended and sentencing guidelines have been adopted, but such amendments and changes, are not, of course, relevant to a proper determination of the nature of the original sentence imposed in this case.[6]
There has been much confusion as to the nature of a true "split sentence" and how it works. In a "split sentence" case, as in all other cases, only one valid sentence is ever imposed. It is for incarceration; it is imposed at the original sentence hearing; and it is for a specific total *1285 period or term of incarceration that the defendant will, under any turn of events, ever have to lawfully serve in confinement for the offense for which he is being sentenced. However, instead of leaving the sentence to be executed and served in one continuous unbroken period of time, as in the usual sentence of confinement, in a "split sentence," at the original sentencing the sentencing court goes further and provides that after the defendant has completed actual service of some specified portion of the total specified term of confinement, the execution and actual service of the remainder of the total specific sentence of confinement already imposed is "stayed and withheld" and it is directed that the defendant then be released from actual confinement and placed on probation or in a community control program. If the defendant successfully performs during the period of probation (or community control) he never has to serve the remainder portion of the specified total period of incarceration that, during such probationary period, hangs over his head like the Sword of Damocles. However, if after the defendant has served the initial specified portion of his sentence of confinement and has been released on probation or community control and violates a condition of such probation or community control, the trial court merely finds and adjudicates the fact that the probation or community control has been violated and recommits the defendant to confinement to serve the remainder of the sentence originally imposed. The trial judge does not resentence the defendant or impose a new, or second, or different, sentence at all. When the defendant violates a condition of probation or community control which is part of a split sentence, that violation is not the basis for an original sentencing, as it is when a defendant is originally placed on probation or community control in lieu of confinement. The subsequent violation of probation or community control in a split sentence serves only to eliminate the condition under which defendant was released from confinement under the original sentence and the defendant is not resentenced but is recommitted to the Department of Corrections for service of the remainder of that original sentence. Although there may be two commitments (see § 944.17, Fla. Stat.) as to one split sentence when, after having served some time under a prior commitment, a defendant violates probation or community service under a split sentence and is recommitted for service of the remainder or balance of that sentence; only one  the original  sentence is ever imposed. The language in section 948.06(1), Florida Statues, to the effect that after probation or community control is revoked the court shall "impose any sentence which it might have originally imposed" before placing the offender on probation or community control is applicable only to the usual case where a defendant is originally placed directly on probation or community control and has no applicability to split sentence provisions which were much later added and now exist as section 948.01(8), Florida Statutes (1985).
There is no authority or necessity to impose a second sentence following a valid prior split sentence for the same conviction or offense and to do so invites problems such as are raised in this case as well as more serious constitutional double jeopardy and due process problems. The defendant had no right to elect to be sentenced or resentenced under the sentencing guidelines because he had no right to be sentenced a second time at all. Following an adjudication that the defendant had violated a probationary condition of his conditional release from confinement under his split sentence the trial court had no authority to impose a new second sentence for the same offense and needed only to direct the clerk to issue a new uniform commitment form and to deliver it, together with a certified copy of the probation violation adjudication, and of the original judgment and sentence, to the sheriff for his use under section 944.17(5)(a), Florida Statutes, in returning the defendant into the state correctional system.
Brooks v. State, 478 So.2d 1052 (Fla. 1985); Lynch v. State, 491 So.2d 1169 (Fla. 4th DCA 1986); Solomon v. State, 490 So.2d 1025 (Fla. 1st DCA 1986), rev. denied, *1286 500 So.2d 545 (Fla. 1986); Crosby v. State, 487 So.2d 416 (Fla. 2d DCA 1986); Hill v. State, 486 So.2d 1372 (Fla. 1st DCA 1986), and other cases are youthful offender cases in which the courts were concerned with the applicability of the four and six year limitations formerly contained in section 958.05(2), Florida Statutes (1983), following revocation of a community control program. Two apropos questions are: Why were those cases concerned with the legality of the length of a new sentence imposed after revocation of a community control program if it is correct that, as explained above, a second sentence for "the same offense" should not have been imposed at all? How are those cases and the cases on which they are based to be distinguished? The judicial answer is that counsel in those cases did not call the court's attention to the matters considered herein which would have eliminated the problem those cases considered but the fact that those cases did not address matters that would have mooted the issues that were considered does not make the conclusion reached in this opinion incorrect.[7]
The sentence of August 14, 1985, relating to "the same offense" for which the defendant was sentenced on September 9, 1982, is vacated and the cause is remanded for recommitment of the defendant to confinement under the sentence of September 9, 1982.
SENTENCE VACATED; CAUSE REMANDED.
UPCHURCH, C.J., concurs.
SHARP, J., concurs specially with opinion.
SHARP, Judge, concurring specially.
While I agree the sentence imposed on Poore of four and one-half years with credit for time served was invalid and should be vacated,[1] the basis for my opinion is the sentencing guidelines[2] and my view that the trial court imposed a departure sentence without giving sufficiently valid reasons.[3] I respectfully disagree with the majority opinion that there is a discrepancy in treatment in Florida between split sentences and probation for purposes of electing to be sentenced under the guidelines after revocation of probation. More importantly, I disagree with the implication of the majority opinion that the trial judge is unable to impose a sentence which exceeds the balance of the original sentence after revocation of probation for a split sentence.
Section 921.001(4)(a) provides that the guidelines shall be applied to all pre-1983 felonies "for which sentencing occurs after such date," if the defendant affirmatively elects to be sentenced under them, as occurred in this case. The language of this provision is not limited to dispositions where straight probation or one-year confinement in specified institutions as a condition of probation[4] are involved. Split sentences, which are also contemplated by the alternative judicial disposition-sections,[5] are not excluded.
Nor have the courts treated split sentences distinctly from probation or other alternatives for purposes of imposing longer prison terms after revocation of probation, in contrast to the implication by the majority that the trial judge is limited to imposing only the balance of the original split sentence which was to be served on probation. In Johnson v. State, 482 So.2d 398 (Fla. 5th DCA 1985), the trial court sentenced a youthful offender to six years in prison after his community control portion of his original split sentence was revoked. He had been originally sentenced *1287 to two-years incarceration and two years on community control. Had the trial judge been limited to requiring the defendant to serve the balance of the original sentence, this court could not have affirmed the new six-year sentence.
Similarly, in Lynch v. State, 491 So.2d 1169 (Fla. 4th DCA 1986), the trial court imposed a nine year sentence after revoking the appellant's probation, received as a part of a youthful offender sentence. Although the facts are not clearly stated in the opinion, the appellant must have originally received a split sentence, because the trial court said it would give him four years credit for time served.
In Crosby v. State, 487 So.2d 416 (Fla. 2d DCA 1986), our sister court would have affirmed[6] an eight-year prison sentence upon revocation of the probation or community control phase of a youthful offender's split sentence, which greatly exceeded the span of the original sentence (four years in prison and two years on community control). And in Crosby, the appellant affirmatively elected guideline sentencing, and was sentenced in accordance with the presumptive sentence range.
The facts are less clear in Hill v. State, 486 So.2d 1372 (Fla. 1st DCA 1986), because the court affirmed a five-year prison sentence after a youthful offender's split sentence (three years in prison and two years on community control) was revoked. But the Hill court held upon revocation that the trial court could impose "any sentence" which it could have originally imposed, without regard to the limitation of the Youthful Offender Act. Although these cases do not specifically address the question of whether a new sentence is being imposed upon revocation of a youthful offender sentence involving both prison time and probation or community control, the result they reach can only be justified by adhering to that conclusion.
The youthful offender statute[7] also expressly provides that violation of probation or community control subjects the defendant to sentencing under section 948.06(1). The prior statute applicable in 1978 and 1983 was similarly worded, but only referred to violation of community control, which was defined as probation. See section 958.05(1) [1978]. Section 948.06(1) states that when probation or community control is revoked, the court may "impose any sentence which it might have originally imposed" without limiting its reach to straight probation or community control sentences. Were the sentencing court so limited on revocation of community control for youthful offenders, it would be limited to a six-year term,[8] at best, and the original sentence, if less. That does not comport with the manner in which Chapter 958 has been interpreted and applied, nor with the apparent stated intent of section 948.06(1).
Further, the disparity between treatment of split sentences and probation or other sentencing alternatives is contrary to the teachings of Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981). The Florida Supreme Court in that case described incarceration as a condition of probation as "also known as the split sentence probation alternative." It treated both kinds of sentences or dispositions the same, limiting the incarceration time to one year. That was later statutorily repealed by sections 921.197 and 948.01(4) for split sentences,[9] but the balance of Villery remains good law. The court further held that after probation is revoked for either kind of disposition, the court can impose any sentence it originally could have made. The only limitation for split sentences in Villery is that credit must be given for prison time served.
In summary, I think when a "split sentence" offender violates his probation or *1288 community control following a prison term, the trial court may impose a new sentence, within the limits required by the statutes and Villery. If this is done, be he a youthful offender or an adult, the guidelines are applicable. Accordingly, I would vacate this sentence and remand for resentencing consistent with the guidelines.
NOTES
[1] Fla.R.Crim.P. 3.701.
[2] See, e.g., § 775.14, Fla. Stat.
[3] See the cases cited in note 1 to Shieder v. State, 430 So.2d 537 (Fla. 5th DCA 1983).
[4] The phrase "the same offense" is as used in United States Constitution amendment V and Article I, Section 9, Florida Constitution. A defendant can constitutionally be sentenced a second time for "the same offense" only after a prior invalid sentence has been vacated and set aside. Even in that event there are special constitutionally required limitations, see N.C. v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Roberson v. State, 258 So.2d 257 (Fla. 1971), cert. denied, 409 U.S. 885, 93 S.Ct. 112, 34 L.Ed.2d 141 (1972).
[5] A split sentence is never to be confused with probation with a condition of confinement which is an entirely different matter. The explanation in Villery v. Florida Parole and Probation Comm'n, 396 So.2d 1107 (Fla. 1981), that it is only after probation is revoked that a sentence is pronounced and imposed upon the defendant and that then under § 948.06(1), the court may impose any sentence which it might have originally imposed, is correct only when the defendant was originally put on probation in lieu of being sentenced and is not correct when a true split sentence was originally imposed.
[6] Section 948.01(4), Florida Statutes (1981), has been amended and transferred to section 948.01(8), Florida Statutes (1985). It now includes provision for community control in lieu of probation. Since 1983, section 921.187(1)(g), Florida Statutes, also authorizes split sentences (see Brown v. State, 460 So.2d 427 (Fla. 5th DCA 1984)). Section 958.04, Florida Statutes, relating to youthful offenders, was amended by chapter 85-288, section 20, Laws of Florida, effective July 1, 1985, to expressly provide in section 958.04(2)(c), Florida Statutes (1985), that sentences of youthful offenders can, with certain limitations, be split between periods of confinement and periods of probation or community control.
[7] The 1985 amendment to section 958.04, Florida Statutes should eliminate the problems that concerned the courts in the cases last cited above. See note 6 herein.
[1] This was a three-cell departure upward from the presumptive sentence.
[2] Fla.R.Cr.P. 3.701.
[3] See Scott v. State, 482 So.2d 607 (Fla. 5th DCA 1986), Clark v. State, 481 So.2d 994 (Fla. 5th DCA 1986), Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985), Gale v. State, 483 So.2d 53 (Fla. 1st DCA), review denied, 492 So.2d 1332 (Fla. 1986).
[4] §§ 948.03, 948.01(3), Fla. Stat. (1983).
[5] § 948.01(8), Fla. Stat. (1983).
[6] The court in Crosby reversed the sentence on other grounds: (1) the written sentence did not conform to the oral pronouncements of the trial court, and (2) the defendant was not given credit for time served.
[7] § 958.14, Fla. Stat. (1985).
[8] § 958.05(2), Fla. Stat. (1983).
[9] Van Tassel v. Coffman, 486 So.2d 528 (Fla. 1985); Andrews v. State, 462 So.2d 18 (Fla. 2d DCA 1984); Brown v. State, 460 So.2d 427 (Fla. 5th DCA 1984).