BARKETT, Justice.
We have for review Wayne v. State, 513 So.2d 689 (Fla. 5th DCA 1987), based on express and direct conflict with Brooks v. State, 478 So.2d 1052 (Fla.1985); Hill v. State, 486 So.2d 1372 (Fla. 1st DCA 1986); Lynch v. State, 491 So.2d 1169 (Fla. 4th DCA 1986); and Crosby v. State, 487 So.2d 416 (Fla. 2d DCA 1986). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
In the proceedings below, the district court held that a
defendant, having already been sentenced once, cannot constitutionally be sentenced a second time for the same offense merely because he has violated the probation appended to the lawful sentence of confinement.
Constitutional double jeopardy prohibits [petitioner] from being sentenced a second time for the same burglary and he must be released as to that charge.
Wayne, 513 So.2d at 691.
In Poore v. State, 531 So.2d 161 (Fla.1988), however, we expressly disapproved the opinion below and held that when the original sentence is a period of confinement, none of which is suspended, followed by probation,* resentencing to a greater prison term upon violation of probation does not violate double jeopardy or other constitutional provisions. Poore, at 163-164, 165. See Williams v. Wainwright, 650 F.2d 58, 61 (5th Cir.1981); State v. Payne, 404 So.2d 1055 (Fla.1981); Scott v. State, 326 So.2d 165, 166 (Fla.), cert. denied, 429 U.S. 836, 97 S.Ct. 104, 50 L.Ed.2d 103 (1976). Accord North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
Accordingly, we quash the opinion below and remand for proceedings consistent with our views in Poore.
It is so ordered.
EHRLICH, C.J., and OVERTON, MCDONALD, SHAW, GRIMES and KOGAN, JJ., concur.

For purposes of convenience, we have termed this a "probationary split sentence.”