PER CURIAM.
The defendant was convicted by a jury of aggravated battery and carrying a concealed firearm. Both of these crimes were committed prior to the adoption of the sentencing guidelines. The defendant contends that the trial court erred in sentencing him in accordance with the guidelines. We agree.
The sentencing guidelines may be applied to crimes committed prior to October 1, 1983, if a. defendant makes an affirmative selection to be sentenced pursuant to them. In re Rules of Criminal Procedure, 439 So.2d 848 (Fla.1983); § 921.001(4)(a), Fla. Stat. (1983). In the present case, the defendant made no affirmative selection. Neither his silence nor his attorney’s plea to the trial court for probation evinced the defendant’s clear and unequivocal acquiescence to sentencing under the guidelines. See Jordan v. State, 460 So.2d 477 (Fla. 2d DCA 1984); see also Ryan v. State, 482 So.2d 558 (Fla. 2d DCA 1986); Kimsey v. State, 467 So.2d 333 (Fla. 2d DCA 1985).
For these reasons, the defendant’s sentence is vacated with directions to resen-tence the defendant in accordance with applicable sentences, including eligibility for *1149 parole, unless the defendant affirmatively elects to be sentenced under the guidelines.
Sentence vacated and remanded for re-sentencing.