528 So.2d 101 (1988)
Eric WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-410.
District Court of Appeal of Florida, First District.
July 8, 1988.
Sharon Bradley, Asst. Public Defender, Tallahassee, for appellant.
Helen P. Nelson, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Watson appeals the sentences imposed upon him after revocation of his community control. We reverse and remand for resentencing.
In June 1984 Watson was sentenced in five separate cases involving a total of ten separate counts of burglary and grand theft. In all cases and as to all counts he was given concurrent sentences, pursuant to the Youthful Offender Act, of four years imprisonment followed by two years in a community control program. He served the incarcerative portion of the sentences, was released on community control, and then violated the community control. Upon revocation of the community control, the court imposed a number of consecutive and concurrent two, three and four year sentences totaling 14 years.
Watson contended below that the provisions of § 958.14, Fla. Stat., as amended in 1985, were applicable at the time he was resentenced after violating his community control, and that under the provisions of the amended law he could be resentenced to a maximum of six years with credit for time served while incarcerated. The state, citing Hill v. State, 486 So.2d 1372 (Fla. 1st DCA 1986) and a number of other cases involving pre-1985 resentencings of youthful offenders after violation of probation or community control, argued that even under the amended act the court still had the discretion to resentence a youthful offender either as a youthful offender or as an adult. The state contended that only if the court chose to continue the defendant's youthful offender status was the court constrained *102 by the new statute to limit the sentence imposed to six years. The court accepted the state's argument and imposed the sentences totaling 14 years.
The amended version of § 958.14, Fla. Stat., provides:
958.14 Violation of probation or community control program.  A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06(1). However, no youthful offender shall be committed to the custody of the department for such violation for a period longer than six years or for a period longer than the maximum sentence for the offense for which he was found guilty, whichever is less, with credit for time served while incarcerated.
The prior version of § 958.14, Fla. Stat. provided:
958.14 Violation of community control program.  A violation or alleged violation of the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06(1).
Section 948.06, Fla. Stat., the statute referred to in both versions of § 958.14, provides, generally, that upon revocation of probation or community control the court may impose any sentence it might have originally imposed had it not chosen to place the defendant on probation or community control.
Watson, unlike the defendants in the cases relied upon by the state, was resentenced after the effective date of the 1985 amendment. Therefore, the amended version of § 958.14 was applicable at his resentencing. The only question remaining is whether the court still had the discretion or option, after the effective date of the amendment, to resentence a youthful offender as a youthful offender or to reclassify him as an adult upon violation of probation or community control. In a number of cases involving resentencings conducted prior to the enactment of the 1985 amendment the courts held that under the pre-1985 version of § 958.14 the trial courts had the option of continuing the youthful offender status of the defendant or resentencing the defendant as an adult. See, e.g., Crosby v. State, 487 So.2d 416 (Fla. 2d DCA 1986); Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984); Brooks v. State, 461 So.2d 995 (Fla. 1st DCA 1984) (Brooks I). In Brooks I and Clem the courts certified to the supreme court the question whether the circuit court could, under the law existing prior to the 1985 amendment, resentence a youthful offender as an adult upon the revocation of his youthful offender's community control program status. In Brooks v. State, 478 So.2d 1052 (Fla. 1985), the court answered this question in the affirmative. Shortly after the decisions in Brooks I and Clem the legislature amended § 958.14 by adding the following sentence:
However, no youthful offender shall be committed to the custody of the department for such violation for a period longer than six years or for a period longer than the maximum sentence for the offense for which he was found guilty, whichever is less, with credit for time serve while incarcerated.
In view of this action, the only logical conclusion is that the legislature intended to change the case law interpretation of § 958.14, or in any event to change the law, so that once the circuit court has given a defendant youthful offender status and has sentenced him as a youthful offender, it must continue that status and only resentence the defendant as a youthful offender for a violation of the probation or community control portion of his youthful offender sentence. A youthful offender's sentence after revocation of probation or community control is therefore limited to a maximum of six years less credit for time served. To assume that the legislature did not intend a change in the law would be to assume it intended to enact a nullity. The language of § 958.14, as amended, relating specifically to resentencing of youthful offenders after violation of probation or community control, should prevail over the preexisting general provisions of § 948.06(1) relating to any violation of probation or community control by anyone. We believe our decision in this regard is in accord with the case of *103 Hill v. State, wherein this court inferred that if the 1985 amendment had been effective at the time of the resentencing in that case, the sentence would have been limited to six years less credit for time served while incarcerated. 486 So.2d at 1373, n. 1.
We therefore hold that after the effective date of § 958.14, as amended in 1985, a youthful offender who is resentenced after a violation of probation or community control can be resentenced to a term of incarceration no longer than six years or for a period no longer than the maximum sentence for the offense for which he was found guilty, whichever is less, with credit for time served while incarcerated. Contra, Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988) (holding, without discussion or explanation, that the amended version of § 958.14 does not require a court to reclassify a defendant as a youthful offender after a violation of probation or community control).
Reversed and remanded for resentencing.
NIMMONS and BARFIELD, JJ., concur.