528 So.2d 558 (1988)
Jemal REAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-409.
District Court of Appeal of Florida, First District.
July 27, 1988.
Michael E. Allen, Public Defender, and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Elizabeth C. Masters, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal of a trial court order revoking appellant's probation for two counts of sexual battery and imposing concurrent 15-year sentences. Appellant was originally sentenced as a youthful offender; upon resentencing, he was sentenced under the guidelines. Appellant argues on appeal that the provisions of Section 958.14, Florida Statutes, as amended in 1985, were applicable at the time he was resentenced. He argues further that under the provisions of the *559 amended law, he could be resentenced to a maximum of six years, with credit for time served while incarcerated.
Subsequent to the proceedings below and during the pendency of this appeal, this court rendered the opinion in Watson v. State, 528 So.2d 101 (Fla. 1st DCA 1988), construing the amended statute in the manner argued by appellant. Accordingly, we reverse and remand for resentencing. However, we certify conflict with Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988), a recent decision of another district court of appeal, holding that the amended version of the statute does not require a court to reclassify a defendant as a youthful offender after a violation of probation or community control.
BOOTH and WENTWORTH, JJ., concur.
ERVIN, J., specially concurs with written opinion.
ERVIN, Judge, specially concurring.
Although I concur with the majority's opinion in reversing and remanding with directions that appellant be resentenced to a maximum of no more than six years, and allowing credit for time previously served, I would add that the majority's holding has been reinforced by the Florida Supreme Court's recent opinion in Allen v. State, 526 So.2d 69 (Fla. 1988), stating that a defendant initially sentenced for multiple felonies under the Youthful Offender Act may not be sentenced consecutively so that his total commitment exceeds the six-year youthful offender maximum prescribed in Section 958.05, Florida Statutes (1979). While the facts in Allen are not altogether analogous to those in the present case, in that there the court was confronted with a situation in which the sentences initially imposed exceeded the six-year maximum, the rationale of Allen is in my judgment applicable to the case now on review  involving an order revoking appellant's probation that had originally been imposed upon him as a youthful offender for two counts of sexual battery, and thereafter imposing concurrent fifteen-year sentences.
As pointed out in Allen, if the Youthful Offender Act were interpreted in such a way as to permit the imposition of a total commitment in excess of the six-year maximum, such an interpretation "would violate the express intent of the legislature to provide a `sentencing alternative,' see section 958.021, Florida Statutes (1985), that is more stringent than the juvenile system and less harsh than the adult system... . Hence, imposition of consecutive sentences resulting in a total commitment of more than six years would thwart the purpose of the Act." Id. In my judgment a sentence in excess of the six-year maximum, imposed even after revocation of probation, would thwart the purpose of the Act authorizing a less severe sentencing alternative to adult sanctions.
The majority's opinion refers also to Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988) (en banc), as holding the opposite to our position, i.e., "that the amended version of the statute does not require a court to reclassify a defendant as a youthful offender after a violation of probation... ." Ante at 559. Because Franklin based its conclusion upon the 1985 amendment to the Youthful Offender Act in deciding that "the amendment does not require a court to reclassify a defendant as a youthful offender after a violation," 526 So.2d at 163, it is doubtful that the Franklin holding will long survive, given the strong dicta in Allen to the contrary, observing that although its decision was grounded upon a construction of Section 958.05, Florida Statutes (1979), that Section 958.04(2)(d), Florida Statutes (1985), nonetheless expressly provides that which was found implied by the court from its examination of the 1979 statute: commitment of the youthful offender to no more than six years. 526 So.2d at 69-71.