536 So.2d 262 (1988)
James MILES a/K/a Errol Brown, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-461.
District Court of Appeal of Florida, Third District.
November 8, 1988.
Rehearing Denied February 7, 1989.
*263 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Kaplan, Asst. Atty. Gen., for appellee.
Before NESBITT and FERGUSON, JJ., and VANN, HAROLD R., Associate Judge.
PER CURIAM.
We align ourselves with the second district, Buckle v. State, 528 So.2d 1285 (Fla. 2d DCA 1988); Brown v. State, 492 So.2d 822 (Fla. 2d DCA 1986), and the first district, Watson v. State, 528 So.2d 101 (Fla. 1st DCA 1988); Reams v. State, 528 So.2d 558 (Fla. 1st DCA 1988), in holding that the maximum sentence a court may impose after revocation of a youthful-offender's probation or community control is the six-year limitation period of the statute. § 958.14, Fla. Stat. (1987).
On a second point we hold that, upon revocation of the release to community control, a defendant is entitled to credit for all the time served in incarceration prior to the revocation. Richards v. State, 521 So.2d 292, 293 (Fla. 1st DCA 1988); Pendergrass v. State, 487 So.2d 35, 36 (Fla. 4th DCA 1986).
Reversed and remanded for resentencing in accordance with these holdings.