LEHAN, Judge.
In this appeal, consolidated because of the factual and legal similarities between each appellant’s case, two issues are presented. We conclude that the first issue, concerning the trial court’s alleged lack of subject matter jurisdiction, is without merit and, accordingly, affirm in that regard. We discuss only the second issue which concerns treatment of youthful offenders upon revocation of probation or community control pursuant to section 958.14, Florida Statutes (1987) (part of the Youthful Offender Act). We hold that the trial court erred in resentencing each appellant to a term of incarceration of more than six years upon the revocation of his community control.
The background of this case may be summarized as follows. In May 1985 an information charged the appellants with armed robbery. A jury found them guilty. The court sentenced them as youthful offenders to four years incarceration to be followed by two years youthful offender community control. § 958.04, Fla.Stat. (1983). In early 1988 affidavits were filed alleging their substantive violations of community control. Both appellants pleaded guilty to community control violations. The state sought departures from the recommended guidelines sentences based upon extensive, unscorable juvenile offenses. The court sentenced the appellants to departure sentences of ten years incarceration. The court did not sentence either appellant pursuant to the Youthful Offender Act as had been done in 1985. The appellants appeal these sentences, claiming that since they were initially sentenced as youthful offenders, section 958.14, Florida Statutes (1987) as amended in 1985, mandates that upon the revocation of their community control they receive a sentence of not more than six years.
We agree with appellants’ position that the 1985 amendment to section 958.14 imposes a six year limitation on the sentence of imprisonment that can be imposed upon revocation of a youthful offender’s probation or community control. See Buckle v. State, 528 So.2d 1285 (Fla. 2d DCA 1988). See also Hall v. State, 536 So.2d 268 (Fla. 3d DCA 1988); Miles v. State, 536 So.2d 262 (Fla. 3d DCA 1988); Reams v. State, 528 So.2d 558 (Fla. 1st DCA 1988); Watson v. State, 528 So.2d 101 (Fla. 1st DCA 1988). Contra Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988).
Franklin cited Crosby v. State, 487 So.2d 416 (Fla. 2d DCA 1986), as support for a *426 conclusion contrary to our holding in this case. Crosby does contain a statement that section 958.14 as amended did not require the trial court to cap defendant’s sentence in that case at six years. However, as Crosby itself pointed out, the 1985 amendment to section 958.14 was not in effect when the defendant in that case was resentenced after violation of probation. Accordingly, that statement was dicta.
We believe the legislative intent behind that amendment is reflected under its terms by the holdings in Buckle, Hall, Miles, Reams, and Watson. As did Reams, we certify conflict with Franklin.
Reversed and remanded for resentenc-ing.
PATTERSON, J., concurs.
DANAHY, A.C.J., concurs specially with opinion.