542 So.2d 429 (1989)
Sylvester Mann WARREN, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-721.
District Court of Appeal of Florida, Third District.
April 25, 1989.
Bennett H. Brummer, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Michelle Crawford, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
*430 PER CURIAM.
Defendant, originally sentenced under the Youthful Offender Act, § 958.14, Fla. Stat. (1987), appeals the final judgment and sentence entered upon his violation of probation. We reverse.
Defendant was found guilty of two counts of false imprisonment and two counts of sexual battery. Sentenced under the Youthful Offender Act, he was committed to the Department of Corrections for a six year term: four years imprisonment in a youthful offenders' facility followed by two years of community control. While on community control after completing his prison term, he was charged with five technical violations of probation supervision as well as the substantive violations of loitering and prowling, strong arm robbery, and grand theft. As a result of his revocation hearing, defendant was found to have committed two technical violations and the substantive violation of strong arm robbery. Electing not to be sentenced under the guidelines, defendant was sentenced to twenty years imprisonment with credit for 103 days of time served. In contradiction of the trial judge's findings, the final order revoking community control stated that the defendant had violated all eight conditions of supervision alleged. He now appeals.
Defendant raises three points which together merit reversal of the final judgment and sentence. First, defendant contends, and we agree, that the final judgment must be vacated because it erroneously states that he was found guilty of all eight probation violations alleged when, in reality, he was found guilty only of three: two technical violations and the substantive violation of strong arm robbery.
Second, as defendant contends, the sentence entered is in violation of the provisions of the Youthful Offender Act which states that upon a violation of community control, a defendant originally sentenced under that act cannot be resentenced for such violation to a period longer than six years or for a period longer than the maximum sentence for the offense for which he was originally found guilty, whichever is less. Dixon v. State, Case No. 87-1795, (Fla. 3d DCA April 18, 1989); Hall v. State, 536 So.2d 268 (Fla. 3d DCA 1988); Miles v. State, 536 So.2d 262 (Fla. 3d DCA 1988); Watson v. State, 528 So.2d 101 (Fla. 1st DCA 1988). Consequently, the sentence must be vacated on this ground.
Third, and finally, defendant contends, and the state concedes, that defendant was denied credit for time served in state prison prior to his release on community control. § 958.14 Fla. Stat. (1987). Thus, upon remand, it will be incumbent upon the trial court to calculate properly the amount of credit due defendant for time served.
Accordingly, we reverse the final judgment and sentence and remand for entry of a corrected written order and for resentencing within the terms of the Youthful Offender Act.
Reversed and remanded.