550 So.2d 1129 (1989)
Donald COLE a/K/a Donald Ladaker, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-2387.
District Court of Appeal of Florida, Third District.
May 9, 1989.
Sharon B. Jacobs, for appellant.
Robert A. Butterworth, Atty. Gen. and Debora J. Turner, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., JORGENSON, J., and JOHN G. FERRIS, Associate Judge.
SCHWARTZ, Chief Judge.
In 1981, Cole was convicted of armed burglary and robbery and sentenced under the Youthful Offender Act to four years in a state correctional facility, followed by two years of community control.[1] With gain time, Cole was released from the state prison before the four-year term expired, and thereupon violated the community control requirement of his sentence by committing a new offense. He was then sentenced on the original charges to thirty years in prison with credit for the actual time he had served. Cole now appeals from the latter sentence.
On the authority of Dixon v. State, 546 So.2d 1194 (Fla. 3d DCA 1989), we reduce the sentence under review to six years, the maximum permissible, as Dixon holds, for a youthful offender sentence whether originally imposed or upon revocation and resentencing. Accord Warren v. State, 542 So.2d 429 *1130 (Fla. 3d DCA 1989). As in Dixon and Warren, we certify that this holding is in direct conflict with Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988).
Although Cole is to be given credit against this six year sentence for time served, we reject his further contention that this credit should include the gain time already allotted by the Department of Corrections during his original incarceration. To the contrary, the general rule is that a defendant is entitled to judicial credit only for the time that he actually served in prison.[2] E.g., Butler v. State, 530 So.2d 324 (Fla. 5th DCA 1988), rev. denied, 539 So.2d 475 (Fla. 1988); State v. Holmes, 360 So.2d 380 (Fla. 1978); Chaitman v. State, 495 So.2d 1231 (Fla. 5th DCA 1986); cf. Chapman v. State, 538 So.2d 965 (Fla. 4th DCA 1989) (court could only impose unserved portion of "true" split sentence). If this holding is in conflict with Green v. State, 539 So.2d 484 (Fla. 1st DCA 1988), we expressly state our disagreement with that decision.
Affirmed in part, reversed in part.
NOTES
[1] We take it that this sentence, which is the standard youthful offender form, is the equivalent of the "probationary split sentence" described in Poore v. State, 531 So.2d 161, 164 (Fla. 1988).
[2] The basis for this holding is that an award of gain time is not for the courts, but for the Department of Corrections to determine. Hall v. State, 493 So.2d 93 (Fla. 2d DCA 1986); Valdes v. State, 469 So.2d 868 (Fla. 3d DCA 1985). Thus, our conclusion on this point will not preclude the DOC from again allotting the claimed gain time as an administrative matter.