THOMPSON, Judge.
Haynes, a youthful offender, appeals his judgments and sentences imposed after he was found guilty of violating his community control restrictions. We reverse.
Haynes contends the trial court erred in finding him in violation of his community control and in imposing consecutive sentences in excess of the six year maximum prescribed in § 958.14, Fla.Stat. There is sufficient competent evidence to support a finding that Haynes violated his community control. However, the trial court did err in sentencing Haynes to serve two consecutive four-year sentences or a total commitment of eight years. Under the provisions of § 958.14, Fla.Stat. (1985), a youthful offender who is resentenced after a violation of community control can be resentenced to a term of incarceration no longer than six years or for a period no longer than the maximum sentence for the offense for which he was found guilty, whichever is less, with credit for time served while incarcerated. Allen v. State, 526 So.2d 69 (Fla.1988); Reams v. State, 528 So.2d 558 (Fla. 1st DCA 1988); Watson v. State, 528 So.2d 101 (Fla. 1st DCA 1988). Accordingly, the judgments and sentences imposed are vacated and this case is remanded with instructions to resentence Haynes to a term of incarceration of no longer than six years, with credit for time served while incarcerated.
WENTWORTH and NIMMONS, JJ., concur.