545 So.2d 952 (1989)
The STATE of Florida, Appellant,
v.
Travis HICKS, Appellee.
Nos. 88-805, 88-804.
District Court of Appeal of Florida, Third District.
June 27, 1989.
*953 Robert A. Butterworth, Atty. Gen. and Mark S. Dunn, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender and Harvey J. Sepler, Asst. Public Defender, for appellee.
Before BASKIN, COPE and GERSTEN, JJ.
BASKIN, Judge.
In March 1987, Travis Hicks pled guilty to robbery. § 812.13, Fla. Stat. (1985). The trial court adjudicated Hicks as an adult, categorized him as a youthful offender pursuant to section 958.04, Florida Statutes (1987), and sentenced him to two years of community control. In November 1987, the state charged Hicks by information with third degree grand theft, resisting an officer without violence, and obstructing justice. In February 1988, the state charged Hicks by information with aggravated battery. The state did not file an affidavit of violation of community control. Hicks pled guilty to both the November 1987 and the February 1988 charges on the condition that he would be sentenced as a youthful offender. At the sentencing hearing, the trial court labored under the misapprehension that Hicks had been charged with violating his community control by the commission of the substantive crimes. Accordingly, the trial court resentenced Hicks as a youthful offender. The state filed this appeal. We reverse.
An individual may be classified as a youthful offender under the Florida Youthful Offender Act, chapter 958, Florida Statutes (1987), only if he "has not previously been classified as a youthful offender." § 958.04(1)(c), Fla. Stat. (1987). A youthful offender who is resentenced after violation of community control or probation is entitled to be resentenced as a youthful offender. § 958.14, Fla. Stat. (1987). Dixon v. State, 546 So.2d 1194 (Fla. 3d DCA 1989)[1]; Watson v. State, 528 So.2d 101 (Fla. 1st DCA 1988). This sentencing restriction does not apply to sentences imposed on subsequent convictions for crimes charged, not as probation or community control violations, but as substantive crimes charged by informations. See § 958.04(1)(c), Fla. Stat. (1987).
Although Hicks had been classified previously as a youthful offender, he was not charged with violating his community control; instead, he was charged with separate substantive criminal offenses. Under these circumstances, the trial court erred in classifying him as a youthful offender.
We therefore vacate the sentences and remand for resentencing. At that time, Hicks shall be permitted to withdraw his plea because it was premised upon his classification as a youthful offender. See State v. Hopkins, 520 So.2d 301 (Fla. 3d DCA 1988); State v. Thomas, 516 So.2d 1058 (Fla. 3d DCA 1987); Wade v. State, 488 So.2d 127 (Fla. 3d DCA 1986).
Reversed and remanded.
NOTES
[1] In Dixon, this court certified conflict with the Fifth District Court of Appeal, Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988) (en banc). The Florida Supreme Court has answered the certified question posed by Franklin v. State, 545 So.2d 851 (Fla. 1989); however, the supreme court's holding has no effect on the issue on which this court certified conflict.