PER CURIAM.
Calhoun appeals his probation order contending the trial court erred in failing to determine his ability to pay restitution, and in ordering an unspecified amount of restitution to be later determined by his probation officer. We affirm in part and reverse in part.
The state admits that the trial court erred in ordering Calhoun to pay an unspecified amount of restitution to be later determined by the probation officer. We agree and reverse that provision of the order of probation. Section 948.03(1)(e), Fla.Stat. (1987) provides that the amount of restitution is “to be determined by the court.” Hamrick v. State, 532 So.2d 71 (Fla. 1st DCA 1988).
We reverse the order of restitution in part and remand with directions that the trial court conduct a hearing for the purpose of determining the amount of restitution Calhoun will be required to pay and to amend the order of probation accordingly.
THOMPSON, WIGGINTON and NIMMONS, JJ., concur,