546 So.2d 1194 (1989)
Harvey W. DIXON, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-1795.
District Court of Appeal of Florida, Third District.
August 8, 1989.
*1195 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Steven T. Scott, Asst. Atty. Gen., for appellee.
Before NESBITT and FERGUSON, JJ., and LETTS, Gavin K., Associate Judge.

On Motion for Rehearing
NESBITT, Judge.
Defendant's motion for rehearing is granted. This opinion is substituted for the opinion previously released on April 18, 1989.
In 1982, the defendant was convicted of armed robbery and use of a firearm while engaged in a felony. He was sentenced under the Youthful Offender Act, chapter 958 Florida Statutes (1981), to four years in prison followed by two years of community control. The court suspended sentence as to the conviction for use of a firearm in commission of a felony. In May 1986, he was released from prison. In June 1987, Dixon was found to be in violation of community control based on both technical (failure to report to probation officer) and substantive (two armed robbery charges) violations. His youthful offender status was revoked, and Dixon was sentenced under the sentencing guidelines to eight years in prison on each count of the 1982 convictions, sentences to run concurrently. The trial judge gave the defendant 198 days credit for time served, calculated from the date he was arrested on the probation violation. Dixon now appeals. We reverse the sentence upon three grounds.
First, defendant claims that it was error to resentence him outside the confines of the Youthful Offender Act because under section 958.14 of that act, his maximum sentence could be no more than six years. Prior to its 1985 amendment, section 958.14 provided that, upon a revocation of probation or community control, the court could disregard the defendant's youthful offender classification and impose any sentence it might have originally imposed had it not chosen to place the defendant on probation or community control pursuant to section 948.06(1), Florida Statutes. However, in 1985 the statute was amended to provide:
Violation of probation or community control program.  A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06(1). However, no youthful offender *1196 shall be committed to the custody of the department for such violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he was found guilty, whichever is less, with credit for time served while incarcerated.

§ 958.14, Fla. Stat. (1987) (Italization denotes language added to the statute.). The first sentence of section 958.14 incorporates the procedure stated in section 948.06(1) for revoking the defendant's probation or community control. The second sentence serves to limit the application of section 948.06(1) where a youthful offender is involved by substituting that section's permissible sentence, i.e., any sentence which the court might have originally imposed, for the more limited sentence provided by section 958.14. This court, as well as other district courts, has read the amended statute to require that "once a circuit court has given a defendant youthful offender status and has sentenced him as a youthful offender, it must continue that status and only resentence the defendant as a youthful offender for a violation of the probation or community control portion of his youthful offender sentence." Watson v. State, 528 So.2d 101, 102 (Fla. 1st DCA 1988); see Hall v. State, 536 So.2d 268 (Fla. 3d DCA 1988); Miles v. State, 536 So.2d 262 (Fla. 3d DCA 1988); Buckle v. State, 528 So.2d 1285 (Fla. 2d DCA 1988); Reams v. State, 528 So.2d 558 (Fla. 1st DCA 1988); Brown v. State, 492 So.2d 822 (Fla. 2d DCA 1986). Consequently, the maximum sentence a court may impose after a revocation of a youthful offender's probation or community control is the statutorily mandated six years with credit for time served.[1]
Nevertheless, the courts are not unanimous in their reading of the amended section 958.14. In Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988), approved on other grounds, 545 So.2d 851 (Fla. 1989),[2] the Fifth District Court of Appeal held, without discussion, that "the amendment does not require a court to reclassify a defendant as a youthful offender after a violation." Id. at 163. We disagree with this reading of the statute. While prior to the 1985 amendment, a youthful offender could be reclassified or resentenced as an adult offender, the clear language of the amended statute now prohibits that. As the court pointed out in Watson, the legislature amended section 958.14 to limit youthful offenders' sentences upon probation or community control violations as it did shortly after the decisions in Brooks v. State, 461 So.2d 995 (Fla. 1st DCA 1984), aff'd, 478 So.2d 1052 (Fla. 1985) and Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984) which held that upon such violations, a youthful offender could be resentenced as an adult. It could thus be said that by this action, the legislature intended to abrogate the case law interpreting section 958.14 or else change the intent of the statute. See Watson, 528 So.2d at 102. To paraphrase the words of Judge Thompson of the First District in Watson in reference to the amended section 958.14: To assume the legislature did not mean what the law it enacted says is to assume that the legislature intended to enact a nullity. Id. at 102.
The state contends, however, that in its decision in Poore v. State, 531 So.2d 161 (Fla. 1988), the Supreme Court of Florida approved the Franklin court's reading of the amended section 958.14. We reject this contention. Section 958.14 is not even discussed in Poore. In that case, the supreme court accepted jurisdiction "to clarify the law governing split sentences." As its basis for accepting review of the district court decisions in Poore and its companion case State v. Wayne, 531 So.2d 160 (Fla. 1988) (which apparently did not involve a defendant originally sentenced as a youthful offender), the supreme court cited a number of cases. All of these cases were either decided before the 1985 amendment to section 958.14 or else relied on cases *1197 decided before that amendment. See Brooks v. State, 478 So.2d 1052 (The case involved a resentencing which occurred prior to the effective date of the 1985 amendment.); Hill v. State, 486 So.2d 1372 (Fla. 1st DCA 1986) (The court specifically stated that the case presented to it required application of the pre-1985 statute. The court pointed out that a sentence entered after the effective date of that statutory amendment would require a different result.); Lynch v. State, 491 So.2d 1169 (Fla. 4th DCA 1986) (The court relied on Clem, 462 So.2d 1134, and Brooks, pre-1985 amendment cases.); Crosby v. State, 487 So.2d 416 (Fla. 2d DCA 1986) (The case involved a resentence based on the unamended section 958.14. The court stated in dicta that the result would be the same were it to apply the amended statute.) Id. at 162.
In Poore, the supreme court approved the Franklin court's reading of section 948.06(1) inasmuch as it held that the statute enables a court to impose a longer period of incarceration upon a probation violation in certain types of sentencing scenarios. In short, Poore stands for the proposition that double jeopardy does not forbid the imposition of a longer period of incarceration than that entered in the original sentence when a defendant violates probation in a probationary split sentence. Cases decided subsequently have read Poore in just such a way. See, e.g., Jones v. State, 531 So.2d 1065 (Fla. 4th DCA 1988) (defendant, not a youthful offender, could be resentenced to term of imprisonment excluding original sentence for probation violation of a probationary split sentence without violating double jeopardy).
Nowhere in Poore did the supreme court hold that the amended section 958.14 permits a court to "reclassify" a youthful offender as an adult offender upon a probation or community control violation.[3] We decline to find that the supreme court held thus by implication or inference. While it is true that Poore concerned a youthful offender who was resentenced outside the confines of the amended section 958.14, that fact was never placed at issue in that case as it has been in the case before us. Consequently, we do not view Poore as authority for the state's proposition. In fact, it is inconceivable that the supreme court could fail to hold as we have here today when confronted with the plain and simple language of the amended section 958.14 applied within the context of the facts and issues presented here. Accordingly, we align ourselves with those cases which hold, in accordance with the amended section 958.14, that the maximum sentence which a youthful offender can receive for a probation or community control violation is six years or the statutory maximum for the crime committed, whichever is less, with credit for time served.
As a second point on appeal, defendant contends, and we agree, that he was improperly sentenced under the sentencing guidelines. Because the offenses for which he was resentenced occurred prior to the effective date of the guidelines,[4] the defendant had to make an affirmative selection to be resentenced under the guidelines; he made no such election. State v. Pentaude, 500 So.2d 526, 528 (Fla. 1987); Beceiro-Mesa v. State, 492 So.2d 1148 (Fla. 3d DCA 1986); § 921.001(4)(a), Fla. Stat. (1987). Accordingly, the sentence is reversible on this basis alone.
Defendant's third claim is that his conviction and sentence for both armed robbery and display of a firearm during the commission of a felony constitute multiple punishment for the same conduct. We agree and reverse the adjudication and sentence *1198 for display of a firearm during the commission of a felony. Carawan v. State, 515 So.2d 161 (Fla. 1987). We reject the state's contention that Carawan is not controlling here. See Pastor v. State, 536 So.2d 356 (Fla. 3d DCA 1988).[5] Furthermore, based on the reasoning used by this court in the case of Hurd v. State, 536 So.2d 361 (Fla. 3d DCA 1988), under the Blockburger[6] double jeopardy test alone, the dual convictions would be impermissible. Blockburger held that in order to constitute a separate punishable offense, each crime charged must require proof of an element that the other does not. Because Dixon's use of a firearm arose from the same actions upon which his conviction for armed robbery is based, it was error to convict him of the lesser charge.
Regarding defendant's fourth claim that his credit for time served was miscalculated, we hold that he is entitled to credit for all time served in incarceration prior to the revocation of probation. Miles, 536 So.2d 262 and cases cited therein. Moreover, defendant is entitled to credit for gain time. State v. Green, 547 So.2d 925 (Fla. 1989).
Finally, we certify that our decision here, inasmuch as it holds that defendant's sentence may not exceed six years, is in direct conflict with Franklin v. State, 526 So.2d at 159.
Affirmed in part, reversed in part, and remanded.
LETTS, Judge, dissenting in part.
While Poore v. State is not on all fours with the case sub judice, it does appear to cite Franklin v. State with approval. This being so, I believe the majority holding is in error notwithstanding that it finds such to be "inconceivable."
I, of course, concur with the majority's view that the result here is in conflict with Franklin.
NOTES
[1] However, if the state feels confined by the sentencing strictures of section 958.14, it can file new substantive charges against the defendant. For a discussion of this issue, see State v. Hicks, 545 So.2d 952 (Fla. 3d DCA 1989).
[2] While the supreme court has answered the question certified in Franklin, its holding does not address the issue discussed here.
[3] Moreover, no court since Poore has read the case to stand for such a proposition.
[4] The Florida supreme court in Smith v. State, 537 So.2d 982 (Fla. 1989) recently held that the sentencing guidelines (originally adopted by court rule to be effective for sentences entered on offenses committed on or after October 1, 1983) were unconstitutional prior to their enactment into law by the legislature on July 1, 1984. This decision is of no consequence to the facts of this case. The defendant here committed the original offenses in 1982 (before the guidelines were promulgated by court rule or by the legislature) and was resentenced for probation violations in 1987 (after the constitutionally effective date of the guidelines).
[5] Moreover, this court's observation stated in T.J. v. State, 534 So.2d 811 (Fla. 3d DCA 1988) is applicable to the facts of the instant case: "This case arose prior to the July 1, 1988 effective date of the at least partial `repeal' of Carawan by Ch. 88-131, § 7, Laws of Fla."
[6] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).