PER CURIAM.
This is an appeal from denial of a motion, filed pursuant to Florida Rule Of Criminal Procedure 3.800(a), to correct an illegal sentence. We affirm, but certify a question of great public importance to the Supreme Court of Florida.
In 1983, Samuel L. Hamilton was charged in trial court Case No. 83-6919 with two counts of armed burglary, and in No. 83-1204 with attempted burglary, possession of burglary tools, and possession of cocaine. He entered guilty pleas and was sentenced under the Youthful Offender Act to concurrent terms of four years in prison and two years in community control.
On December 3, 1986, while Hamilton was still under community control as a youthful offender, he was arrested for possession of marijuana, possession of cocaine, loitering, and drinking an alcoholic beverage next to a licensed liquor establishment. In addition to being charged with these crimes, he was charged with violation of probation for the same crimes and for failing to file monthly probation reports for November and December of 1986 and January, 1987.
In two cases consolidated for a final hearing, Hamilton was found guilty of violation of probation on April 30, 1987. He appealed the revocation of his concurrent terms of probation to this court in Case Nos. 87-1358 and 87-1344, which were essentially identical. The public defender filed requests for permission to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Herzig, 208 So.2d 619 (Fla.1968), saying there was no basis for the appeals. This court granted. Hamilton leave to file briefs pro se, and Hamilton argued that the December 3, 1986 search and seizure of the marijuana and cocaine were illegal. This court per curiam affirmed Hamilton’s convictions on October 7, 1987 in Hamilton v. State, 514 So.2d 66 (Fla. 4th DCA 1987); and on April 13, 1988 in Hamilton v. State, 523 So.2d 591 (Fla. 4th DCA 1988). Finding the appeals to be wholly frivolous, this court granted the public defender’s motions to withdraw.
On May 23,1988, Hamilton filed a motion to correct “an illegal sentence” under Florida Rule of Criminal Procedure 3.800. Although not articulated as such, the motion appeared to claim a double jeopardy violation in his second sentencing. On June 1, 1988, the trial court denied that motion. That denial was not appealed.
On June 20, 1988, he filed a motion to correct an “excessive” sentence. It complained of the fact that the trial judge sentenced Hamilton to five years in prison for the two burglary charges in Case No. 83-6919, and five years in prison on the three charges in Case No. 83-1204, with the sentences to run consecutively. This ten-year sentence, he maintained, violated the Youthful Offender Act’s proscription of a total sentence in excess of six years.
On July 11, 1988, the trial court denied the second motion. Meanwhile, on May 5, 1987, the date of the sentencing on the violations of probation, the trial judge had also sentenced Hamilton to five years in prison on the substantive charges underlying his violations of probation. This five-year sentence was to run concurrently with the second of the two five-year terms for the crimes underlying the violations of probation.
*389 The issue is whether the trial court erred in denying the appellant’s motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800. While we hold it did not because of the recent decision in Franklin v. State, 545 So.2d 851 (Fla.1989), we, nevertheless, certify the following question:
By its holding in Franklin v. State, 545 So.2d 851 (Fla.1989), did the court intend to hold that a trial court could resentence a youthful offender as an adult, upon a violation of community control, despite the 1985 amendment to the youthful offender act, section 958.14, Florida Statutes?
In Brooks v. State, 478 So.2d 1052 (Fla.1985), the supreme court held that a trial court, upon a violation of probation, could sentence a youthful offender as an adult, since the trial court could have done so at the defendant’s original sentencing. The issue was significantly redefined, perhaps in response to Brooks, as of July 1, 1985, the effective date of an amendment to section 958.14, Florida Statutes, as follows:
958.14. Violation of probation or community control program. — A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06(1). However, no youthful offender shall be committed to the custody of the department for such violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he was found guilty, whichever is less, with credit for time served while incarcerated.
(Emphasis added.) This amendment took effect prior to Hamilton’s parole violations. Since the amendment governed Hamilton’s behavior at the time of his parole violations, the amendment applied to Hamilton when he was resentenced.
Buckle v. State, 528 So.2d 1285 (Fla. 2d DCA 1988), was the first of many cases to hold that the amended language of section 958.14, Florida Statutes, was intended to negate the holding of Brooks. In other words, the amendment was interpreted as forbidding trial courts, upon resentencing a youthful offender, from pronouncing a sentence in excess of six years. Dixon v. State, 546 So.2d 1194 (Fla. 3d DCA 1989); Watts v. State, 542 So.2d 425 (Fla. 2d DCA 1989); Miles v. State, 536 So.2d 262 (Fla. 3d DCA 1988), juris, accepted, 544 So.2d 201 (Fla.1989); Reams v. State, 528 So.2d 558 (Fla. 1st DCA 1988); Watson v. State, 528 So.2d 101 (Fla. 1st DCA 1988).
[T]he only logical conclusion is that the legislature intended to change the case law interpretation of § 958.14, or in any event to change the law, so that once the circuit court has given a defendant youthful offender status and has sentenced him as a youthful offender, it must continue that status and only resen-tence the defendant as a youthful offender for a violation of the probation or community control portion of his youthful offender sentence. A youthful offender’s sentence after revocation of probation or community control is therefore limited to a maximum of six years less credit for time served. To assume that the legislature did not intend a change in the law would be to assume it intended to enact a nullity.
Watson, 528 So.2d at 102 (emphasis added).
The fifth district disagreed with the above-cited cases, in Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988). In the Franklin ruling, the fifth district affirmed a youthful offender’s sentence of fifteen years upon violation of probation. However, the Franklin ruling was complicated by another wrinkle. The court glossed over the special provisions of the Youthful Offender Act and focused its attention more generally on the double jeopardy or split sentence limitations on the trial court in resentencing any defendant, not necessarily one sentenced under the Youthful Offender Act.
Although the Youthful Offender Act was amended in 1985 to provide that no youthful offender shall be committed to the department upon a violation of probation for a period longer than six years or the statutory maximum, whichever is less, the amendment does not require a *390 court to reclassify a defendant as a youthful offender after a violation.
Franklin, 526 So.2d at 163 (footnote and citation omitted). The overwhelming majority of the Franklin decision discussed split sentences, and, finally, the court certified a question to the supreme court:
HAYING SENTENCED A DEFENDANT TO A TERM OF INCARCERATION FOLLOWED BY PROBATION OR COMMUNITY CONTROL, MAY THE COURT AFTER A VIOLATION OF THE PROBATION OR COMMUNITY CONTROL, IMPOSE ANY SENTENCE WHICH COULD HAVE BEEN ORIGINALLY IMPOSED WITH CREDIT FOR TIME SERVED AND MUST SUCH SENTENCE BE WITHIN THE GUIDELINE RANGE UNLESS VALID REASONS FOR DEPARTURE ARE GIVEN[?]
Franklin, 526 So.2d at 164.
Finally, the supreme court ruled in Franklin v. State, 545 So.2d 851 (Fla.1989). The supreme court approved the fifth district’s ruling in Franklin. However, the ruling of the supreme court in Franklin makes no reference to the youthful offender act or its 1985 amendment. The ruling deals only with the split sentence issue as if the court might not have considered the Youthful Offender Act’s special provisions. The meaning of the Youthful Offender Act’s 1985 amendment seems to remain unaddressed.
The first, second and third districts have held that a youthful offender can only be sentenced to six years upon a violation of probation. The third district has stood by that holding even since the supreme court ruled in Franklin. In State v. Hicks, 545 So.2d 952 (Fla. 3d DCA 1989), the third district said:
In Dixon, this court certified conflict with the Fifth District Court of Appeal, Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988) (en banc). The Florida Supreme Court has answered the certified question posed by Franklin, 545 So.2d 851 (Fla.1989); however, the supreme court’s holding has no effect on the issue on which this court certified conflict.
Hicks, 545 So.2d at 953 n. 1 (emphasis added). Thus, the third district believes that the supreme court did not rule on whether the Youthful Offender Act proscribes a sentence of more than six years upon a youthful offender’s violation of community control. We certify the above question in the hope that it will.
DOWNEY, GLICKSTEIN and DELL, JJ., concur.