ON RECONSIDERATION
PER CURIAM.
This cause is before us pursuant to the following opinion of the Supreme Court of Florida:
We have for review Cole v. State, 550 So.2d 1129 (Fla. 3d DCA 1989), based on certified conflict with Franklin v. State, 526 So.2d 159 (Fla. 5th DCA 1988), or express and direct conflict with State v. Green, 547 So.2d 925 (Fla.1989). We have jurisdiction. Art. V, § 3(b)(3), (4), Fla. Const.
Since the decision below issued, we have overruled that portion of Franklin upon which conflict was certified. State v. Watts, 558 So.2d 994, 1000 (Fla.1990). Thus, on the interpretation of the Youthful Offender Statute, the district court’s opinion is approved. However, we quash the remainder of the opinion below for reconsideration in light of Green, which the state concedes is inconsistent with the views of the district court.
Cole v. State, 565 So.2d 1353 (Fla.1990).
Upon the required reconsideration, we conclude that, in resentencing Cole to the six year term to which we have already reduced his sentence in that part of our previous opinion, Cole v. State, 550 So.2d 1129, 1129 (Fla.3d DCA 1989), which was approved by the supreme court, the trial court shall also give him credit, both for the time he actually served in prison, and for the gain time already allotted by the Department of Corrections during his previous incarceration — that is, apparently, for the full four year term of the original sentence of imprisonment. State v. Green, 547 So.2d 925 (Fla.1989).
Remanded with directions.