754 So.2d 101 (2000)
Timothy MEEKS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D97-2905.
District Court of Appeal of Florida, First District.
March 13, 2000.
*102 Nancy A. Daniels, Public Defender; and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; and James W. Rogers, Senior Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant, Timothy Meeks (Meeks), appeals a sentence and judgment of 10 years' incarceration for a violation of community control. Meeks contends, as a youthful offender, that his sentence is illegal because under section 958.14, Florida Statutes (1991)[1], his violation is "technical," rather than "substantive," and therefore the maximum sentence the trial judge can impose is six years, less time served, or the maximum authorized for his original sentence, with credit for time served, whichever is less. See § 958.14, Fla. Stat. We agree, and reverse and remand for resentencing.
On September 11, 1992, Meeks was charged with one count of attempted armed robbery with a firearm, an offense that carries a maximum penalty of 15 years' incarceration. As part of a plea bargain, he entered a plea of nolo contendere in exchange for a youthful offender sentence of 4 years in prison and 2 years of probation, with 65 days of credit for time served. On December 3, 1992, Meeks was sentenced as agreed, except he was given 93 days of credit for time served.
Meeks served his prison term and was released to serve his probationary sentence. On September 24, 1996, an affidavit of violation of probation was filed alleging Meeks had violated several conditions of his probation, including an arrest for trespass after warning, a substantive violation. On November 7, 1996, he admitted violating his probation by committing the crime of trespass after warning. His probation was revoked, and the trial judge sentenced him to 2 years of community control. On January 21, 1997, a violation report was issued charging Meeks with violating his community control by failing to remain confined to his residence on four occasions. On May 8, 1997, a hearing was held and Meeks was found guilty of violating this condition of his community control program. The trial judge revoked Meeks' community control and re-sentenced him to 10 years in prison, with credit for 55 days for time served. This appeal ensued.
The instant case impels us to construe the import of "technical violation" and "substantive violation" under section 958.14, Florida Statutes, and specifically, whether Meeks, as a youthful offender, can be re-sentenced for a substantive violation based upon acts that constitute a willful and substantial violation of community control, but not a separate criminal offense.
When construing a statute, we must follow the intent of the legislature, as *103 expressed by the language of the statute, giving the statutory language its usual and ordinary meaning, unless an ambiguity exists. Graham v. State, 472 So.2d 464 (1985); Holly v. Auld, 450 So.2d 217 (Fla. 1984). A criminal statute is strictly construed in favor of the accused. State v. Jackson, 526 So.2d 58 (Fla.1988).
Section 958.14, Florida Statutes, provides:
Violation of probation or community control program.A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06(1). However, no youthful offender shall be committed to the custody of the department for a substantive violation for a period longer than the maximum sentence for the offense for which he or she was found guilty, with credit for time served while incarcerated, or for a technical or nonsubstantive violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he or she was found guilty, whichever is less, with credit for time served while incarcerated.
(emphasis added).
The legislature has not defined what constitutes a "technical violation" and a "substantive violation" to aid us in discerning its intent, and no appellate court has previously construed the statute in the context of the instant case. Therefore, because the language of section 958.14, Florida Statutes, is clear, we examine the ordinary meaning of the term "substantive" as used in the statute. "Substantive" is defined as "being a totally independent entity." Merriam-Webster's Collegiate Dictionary 1174 (10th ed.1998). "Substantive offense" is also defined as "one which is complete of itself and not dependent upon another." Black's Law Dictionary 1429 (6th ed.1990); see also State v. Lamar, 659 So.2d 262 (Fla.1995).
In view of these definitions, the normal usage of the phrase "substantive violation" implies a circumstance that is unrelated and disassociated from another circumstance. When this concept is applied to criminal conduct it implies two separate and distinct criminal offenses. Accordingly, when the legislature used the terms "substantive violation," we conclude its intent was to require more than a mere breach of a condition of probation or community control, which is a by-product of the original offense. A separate act that constitutes a violation becomes a substantive one when it involves the commission of a separate criminal offense.
This definition appears to be the one applied by our sister court, although in a factually dissimilar case. State v. Hicks, 545 So.2d 952 (Fla. 3d DCA 1989). In Hicks, the Third District, when reviewing a defendant's original sentence for a separate criminal offense committed after his sentencing as a youthful offender, stated:
Although Hicks had been classified previously as a youthful offender, he was not charged with violating his community control; instead, he was charged with separate substantive criminal offenses. Under these circumstances, the trial court erred in classifying him as a youthful offender.
Hicks, 545 So.2d at 953 (emphasis added). By describing the second offenses as "separate substantive criminal offenses," the court implies that a "substantive violation" is synonymous with a separate criminal offense. We find this language persuasive and adopt this definition of "substantive violation" under section 958.14, Florida Statutes. To attribute any other meaning would do violence to the rules of statutory construction.
We conclude that a "substantive violation" under section 958.14, Florida Statutes, requires the commission of a separate criminal offense by a youthful offender. It necessarily follows that under section 958.14, Florida Statutes, a technical violation is one arising from a *104 transgression by a youthful offender of a condition of probation or community control that does not constitute a separate criminal offense.
We recognize the possibility of confusion arising from the use of the term "substantive violation" in the instant context, contrasted with the "willful and substantial" standard used in the context of revocation of probation and community control. However, they are not to be construed as synonymous. A "willful and substantial violation" of probation and community control under section 958.14, Florida Statutes, will be only a "technical violation" unless it constitutes a separate criminal offense and, thus, a substantive violation. A willful and substantial violation of probation and community control will always be a "technical violation" under section 958.14, Florida Statutes, not a "substantive violation," unless the acts that form the violation also constitute a separate criminal offense.
We are fortified in our conclusion by the fact that the appellate courts of this state by a non-P.C.A. opinion have never affirmed a re-sentencing of a youthful offender for a substantive violation that was not based upon a separate criminal offense. This certainly implies that the prosecutors and the trial courts have reached the same conclusion as we regarding the distinction between substantive and technical violations under section 958.14, Florida Statutes. See Robinson v. State, 702 So.2d 1346 (Fla. 5th DCA 1997) (youthful offender's admission of marijuana use and to testing positive for marijuana determined to be a separate criminal offense and a substantive violation); Johnson v. State, 678 So.2d 934 (Fla. 3d DCA 1996) (youthful offender's commission of grand theft, burglary, possession of burglary tools and resisting arrest without violence determined to be substantive violations); Dunbar v. State, 664 So.2d 1093 (Fla. 2d DCA 1995) (youthful offender's failure to pay the costs of supervision of probation, for not reporting, for not seeking employment, and for not trying to get a GED, determined to be technical violations).
For the above reasons, we conclude that Meeks' violation of community control for failure to remain confined to his residence on four dates constitutes a technical violation under section 958.14, Florida Statutes. Thus, Meeks can be sentenced as a youthful offender to no more than six years, less time served, or to a period not longer than the maximum sentence for which he was originally found guilty (15 years with credit for time served), whichever is less. Thus, the trial judge erred by imposing a 10-year sentence. Upon resentencing, the court can sentence Meeks to a period of only six years with credit for time served for his technical violation.
Finding that this decision passes upon a question of great public importance, we certify to the Supreme Court of Florida the following question:

CAN A CIRCUIT COURT RE-SENTENCE A YOUTHFUL OFFENDER FOR A SUBSTANTIVE VIOLATION UNDER SECTION 958.14, FLORIDA STATUTES, WHEN THE ACTS UPON WHICH THE VIOLATION IS BASED DO NOT CONSTITUTE A SEPARATE CRIMINAL OFFENSE?
We also note that the trial court's written judgment incorrectly designates Meeks' offense of attempted armed robbery with a firearm as a "first-degree felony" when, in fact, it is a "second-degree felony." See § 812.13(2), Fla. Stat. (1991); § 777.04(4)(b), Fla. Stat. (1991); Johnson v. State, 667 So.2d 314 (Fla. 1st DCA 1995); Stocker v. State, 617 So.2d 789 (Fla. 1st DCA 1993). The written judgment should be corrected.
We REVERSE and REMAND for resentencing consistent with this opinion.
ERVIN, J. concurs; MINER, J., dissents with opinion.
*105 MINER, J., dissenting with opinion.
Because I believe the majority opinion misses the mark in at least two dispositive respects, I am obliged to dissent.
My colleagues assume, wrongly, I suggest, that Meeks was sentenced under the provisions of section 958.14 first when he admitted violating probation by committing a new criminal offense and thereafter when he was sentenced for violating the pivotal condition of the community control program into which he was placed following his probation violation.
On the record before us, it is clear that appellant bargained for and received youthful offender treatment when he entered a plea to attempted armed robbery. He was initially sentenced to a four year period of incarceration as a youthful offender to be followed by a two year probationary period. After his release from incarceration and shortly after his probation commenced, he admittedly violated probation by committing a new crime but rather than impose further incarceration at that time, the trial court, with the concurrence of the State, placed him into a community control program. Thereafter, his community control officer filed an affidavit alleging that Meeks had violated community control by failing to remain confined to his approved residence, not once but on four separate occasions. After a hearing on these allegations, the trial court revoked appellant's community control status and imposed a ten year sentence with credit for time previously served. Arguing that his violation of community control was only "technical," Meeks filed the instant appeal. Primarily he contends that under the circumstances, the trial court was limited on resentence to a term of no more than six years as provided for in section 958.14. In a holding seemingly premised on the proposition that once a youthful offender always a youthful offender, the majority here agrees. For the following reasons, I disagree.
Section 958.14 provides in pertinent part as follows:
A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of section 948.06(1). However, no youthful offender shall be committed to the custody of the Department for a substantive violation for a period longer than the maximum sentence for the offense for which he or she was found guilty, with credit for time served while incarcerated, or for a technical or non-substantive violation for a period longer than six years or for a period longer than the maximum sentence for the offense for which he or she was found guilty, whichever is less, with credit for time served while incarcerated.
Section 948.06(1) (emphasis added), to which section 958.14 refers, provides in pertinent part:
Whenever within the period of probation or community control there are reasonable grounds to believe that a probationer or offender in community control has violated his or her probation or community control in a material respect, any law enforcement officer who is aware of the probationary or community control status of the probationer or offender in community control ... may arrest ... such probationer or offender without warrant wherever found and forthwith return him or her to the court granting such probation or community control.... The court, upon the probationer or offender being brought before it, shall advise him or her of such charge of violation and, if such charge is admitted to be true, may forthwith revoke, modify, or continue the probation or community control, or place the probationer into a community control program. If probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he or she has previously been adjudged guilty, and impose any sentence which it *106 might have originally imposed before placing the probationer on probation or the offender into community control.
In my view, the reference in section 958.14 back to section 948.06(1) was intended to and does authorize the trial court, upon a finding of a violation of probation or community control, to deal with one who was initially afforded youthful offender treatment as it would any other probationer or community controllee. Otherwise, the reference back to section 948.06(1) seems to me bereft of meaning. To be sure, section 948.06(1) speaks to procedural matters such as arrest and hearing but it is also substantive in that it authorizes the trial court to revoke probation or community control upon a finding of a "material" violation by the probationer or community controllee and to sentence the offender to "any sentence which it might have originally imposed." Additionally section 948.06(1) requires the court to adjudge the "probationer or offender guilty of the offense charged" unless such has previously been done.
To be noted also is the fact that section 948.06(1) makes no use or mention of "substantive" or "technical" violation of probation or community control as does section 958.14. Thus, the former clearly expresses legislative intent that should the court find that the offender has violated his or her probation or community control "in a material respect," it is free to impose "any sentence which it might have originally imposed."
During appellant's probation violation hearing, the assistant state attorney handling the case advised the court as follows:
Once Mr. Meeks is found to have a substantive violation of his youthful offender, he will then be in adult court, no longer under the youthful offender statute. And if he violates again, then he will be looking at 12 to 27 years in the Department of Corrections. That's the reason that I offered the two years community control....
At no time did appellant object to this representation by the assistant state attorney that the trial court's finding that he committed a substantive violation of probation took him out of the category of youthful offender sentencing and gave the trial court discretion to sentence him as it would any adult. He did not request a continuation of youthful offender status, and the court made no mention of such status. Indeed, nothing in the record before us contains any reference to continued youthful offender treatment after Meeks admitted he violated his probation.
Perhaps the most troubling aspect of the majority opinion is the holding that only the commission of a new criminal offense by a youthful offender on community control amounts to a "substantive" violation thereof and that the conditions of community control are but "technical" in nature, the violation of which cannot form the basis for revocation of community control status. To be sure, commission of a new criminal offense while on either probation or community control is a "substantive" violation thereof. However, confinement of the community controllee to his or her residence is the very essence of community control status. Thus, the failure of the community controllee to remain so confined surely cannot be characterized as a "technical" violation even if sentencing were to proceed under chapter 958.14. Were such the case, a youthful offender community controllee could abscond and remain at large, for, say, several months or even years without committing a new criminal offense, and under the majority holding he/she would only be guilty of a "technical" violation of that status.[2] Thus, it *107 seems to me that the majority opinion confuses the commission of a "substantive" criminal offense with a "substantive" violation of conditions of community control. However, since I believe it is clear that the trial court sentenced Meeks under the provisions of section 948.06(1) both when he violated probation and later when he violated community control, I see no need to further explore the meanings of "substantive" and "technical."
I would affirm the judgment and sentence below for the above-stated reasons.
NOTES
[1] Section 958.14, Florida Statutes (1991), has not been amended since Meeks was adjudged a youthful offender, and all subsequent references are to the 1991 version of the statute.
[2] Use of the word "technical" in section 958.14 is at best confusing to the extent that the statute suggests that violation of such a condition can result in revocation of community control or probation and a prison sentence. Caselaw in Florida has consistently held that violation(s) of a condition of probation or community control must be both willful and substantial before such status may be revoked in the first instance. See Howard v. State, 484 So.2d 1232 (Fla.1986); Davis v. State, 704 So.2d 681 (Fla. 1st DCA 1997); Forchin v. State, 660 So.2d 763 (Fla. 3d DCA 1995); Jones v. State, 611 So.2d 26 (Fla. 1st DCA 1992); Harris v. State, 610 So.2d 36 (Fla. 2d DCA 1992). In my view "substantial" and "substantive" are synonymous terms. "Technical" and "substantial" seem to me to be antonymous terms.