DAVIS, Judge.
Richard Allen Plamondon challenges the sentence he received upon a revocation of probation, and the State properly concedes error. We reverse and remand for resen-tencing.
On October 80, 2002, Plamondon entered a plea to lewd and lascivious battery and was placed on sex offender probation as a youthful offender. On May 8, 2009, the trial court found Plamondon in violation of that probation by committing the technical violation of failing to pay child support.[1] The trial court thus revoked Plamondon’s probation and sentenced him to a new five-year term of probation. After filing his notice of appeal, Plamondon moved below to correct sentencing error, arguing that the trial court erroneously failed to again designate him a youthful offender when sentencing him after revoking his probation. Because the trial court failed to rule on that motion within sixty days, it is deemed denied. See Fla. R.Crim. P. 3.800(b)(2)(B), (b)(1)(B).
On appeal, in addition to raising the lack of youthful offender designation, Plamondon argues that the trial court also erred in failing to give him credit for time served on probation. The State concedes error with respect to both issues. We agree.
“[O]nce the circuit court has given a defendant youthful offender status and has sentenced him as a youthful offender, it must continue that status and only resentence the defendant as a youthful offender for a violation of the probation or community control portion of his youthful offender sentence. A youthful offender’s sentence after revocation of probation or community control is therefore limited to a maximum of six years less credit for time served.”
State v. Watts, 558 So.2d 994, 997-98 (Fla.1990) (quoting Watson v. State, 528 So.2d 101, 102 (Fla. 1st DCA 1988)); see also § 958.14, Fla. Stat. (2009) (“[N]o youthful offender shall be committed to the custody of the department for a ... technical or nonsubstantive violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for *372 which he or she was found guilty, whichever is less, with credit for time served.”).
Here, Plamondon pleaded to a second-degree felony with a statutory maximum of fifteen years. Because he was sentenced as a youthful offender, under section 958.14, his maximum sentence was limited to six years. “[U]pon revocation of probation, the time a probationer has already served on probation for a given offense must be credited toward any new term of probation imposed for that offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense.” State v. Summers, 642 So.2d 742, 743 (Fla. 1994) (emphasis added). Although the newly imposed five-year term of probation did not exceed the six-year statutory maximum for a youthful offender sentence, combining that five years with the approximately three years and nine months Pla-mondon already has served on probation gives him a total term of probation of nearly nine years.
Accordingly, we reverse Plamondon’s sentence and remand with instructions that he be resentenced as a youthful offender and that his total sentence not exceed the six-year statutory maximum for youthful offenders.
Reversed and remanded.
KELLY and LaROSE, JJ., Concur.

. See generally State v. Meeks, 789 So.2d 982, 989 (Fla.2001) (“[A] ‘substantive violation,' as the phrase is used in [the violation of probation statute,] section 958.14, [Fla. Stat. (2009),] refers exclusively to a violation premised on the commission of a separate criminal act.”).